**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Steven J. Weinreich, individually and as trustee of and participant in the O-Jay Company Employees Profit Sharing Plan, and all other participants in the O-Jay Juice Company Employees Profit Sharing Plan,

Plaintiffs,

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-2264 ADM/AJB

v.

Kevin Lamson,

Defendant.

---

Mark A. Mitchell, Esq., and Caroline E. Ostrom, Esq., Rider Bennett Egan & Arundel, Minneapolis, MN, appeared for and on behalf of the Plaintiffs.

Kevin Lamson, appeared pro se.

---

## I. INTRODUCTION

The above-entitled matter came on for hearing before the undersigned United States District Judge on April 16, 2001, pursuant to Plaintiffs' Motion for Default Judgment [Doc. No. 6] and Defendant's Motion to Dismiss [Doc. No. 9]. For the reasons set forth below, Plaintiffs' motion is granted and Defendant's motion is denied. Judgment is entered in favor of Plaintiffs.

## II. FINDINGS OF FACT

1. On October 24, 1990, Plaintiffs above-named received a judgment from the U.S. District Court, District of Minnesota, against Defendant Kevin Lamson individually in the amount

FILED 5-1-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD 5-1-01
DEPUTY CLERK

of $280,821.04 (2-88 Civil 936).

2. Defendant Kevin Lamson is an individual with a residence at 5462 Meister Road, Fridley, Minnesota.

3. To date, Defendant Lamson has made no payments on the Judgment.

4. On October 10, 2001, Plaintiffs personally served Defendant Lamson with a Complaint to renew the judgment.

5. Defendant Lamson has failed to answer the Complaint within the twenty days provided by Fed. R. Civ. P. 12.

6. The Court finds and concludes Plaintiffs are entitled to Judgment in their favor pursuant to the 1990 Judgment and Defendant's failure to pay the judgment in full in the amount of $280,821.04 (the unpaid balance owing as of October 24, 1990 and set forth in the Complaint), plus additional accrued interest in the amount of $330,525.34 (interest accrued through March 6, 2001, at the rate of 7.78% per day), plus such additional pre-judgment daily interest as may accrue between March 6, 2001, and the date of entry of Judgment.

7. The Court finds and concludes Plaintiffs are entitled to their costs and disbursements in the amount of $205.00.

## III. MEMORANDUM

On March, 15, 2001, Plaintiffs moved for default judgment against Defendant. Defendant had not filed an answer, or any document, with the court at that time, more than five months after the original Complaint was filed [Doc. No. 1]. A default proceeding was scheduled for Monday, April 16, 2001. On Thursday, April 12, 2001, Defendant filed a Motion to Dismiss

Plaintiffs' claims because of defective service. In his motion and at the hearing, Defendant argued that service was defective because he was served the Complaint but not the Summons.[1] Because of this issue, the Court requested further documentation of service of process from Plaintiffs at the hearing. Having received ample evidence of proper service, the Court finds that service was effective. Plaintiffs' Motion for Default Judgment is granted.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss [Doc. No. 9] is **DENIED**.
2. Plaintiffs' Motion for Default Judgment [Doc. No. 2] is **GRANTED**. Judgment should be entered in favor of Plaintiffs and against Defendant in the sum of $611,346.38, plus such additional pre-judgment interest at the rate of 7.78% per day as may accrue between March 6, 2001, and the date of entry of judgment, plus costs and disbursements of $205.00.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Ann Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: May 1, 2001

[1]Defendant admitted actual notice of the suit.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.